**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

WINGATE INNS INTERNATIONAL, INC., :
a Delaware Corporation, successor in interest :
to Hotel Franchising Limited Partnership :
d/b/a Wingate Inns, L.P., :
                               :

           Plaintiff,               :        Civil Action No. 07-5014 (JAG)
                               :

              v.                   :              **OPINION**
                               :

HIGHTECH INN.COM, LLC an Oregon :
Limited Liability Company; ENGINEERING :
DESIGN CORPORATION, an Oregon :
Corporation; SHANTU SHAH, an :
individual; and BAKULESH PATEL, an :
individual, :
                                 :
                                 :
                                 :

           Defendants.          : 

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss Third Party Plaintiff Shantu

Shah's Complaint for failure to state a claim upon which relief can be granted, pursuant to FED.

R. CIV. P. 12(b)(6), by Robert Loewan ("Defendant"), or alternatively for a more definite

statement.[1]  For the reasons set forth below, this motion will be granted as to the one count of the

---

[1] Defendant's motion for a more definite statement is denied, as moot.

Third Party Complaint of Shantu Shah ("Third Party Plaintiff").[2]

## I. **BACKGROUND**

A.    The Parties

Wingate Inns International, Inc. ("WII"), the successor-in-interest to Hotel franchising

Limited Partnership d/b/a Wingate Inns, L.P., is a Delaware corporation with its principal place

of business in Parsippany, New Jersey. (Compl. ¶ 1.)  Third Party Plaintiff is a citizen of the

State of Oregon, residing at 6637 Southwest 88th Place, Portland, Oregon. (Compl. ¶ 7.)

Defendant/cross-claim defendant Bakulesh Patel, also referred to as Buggsi Patel, is also a citizen

of the State of Oregon, residing at 2630 Southwest 17th Place, Redmond, Oregon. (Compl. ¶ 5.)

Defendant Engineering Design Corporation ("EDC") is a corporation organized under the laws of

the State of Oregon, with its principal place of business at 5150 Southwest Griffin Drive,

Beaverton, Oregon. (Compl. ¶ 6.)  Third Party Plaintiff was the sole shareholder of EDC.

(Compl. Ex. A, Schedule B).

Defendant/cross-claim defendant HighTech Inn.com, LLC ("HighTech") is a limited

liability company organized under the laws of the State of Oregon, with its principal place of

business at 5900 Northeast Ray Circle, Hillsboro, Oregon. (Compl. ¶ 2.)  HighTech's members

were EDC Development, LLC ("EDC Development"), holding an 81% interest, and Winhill,

LLC ("Winhill"), holding a 19% interest. (Compl. Ex. H, Schedule B.)  Mr. Patel was the sole

member of Winhill. (Compl. ¶ 4; Ex. H, Schedule B.)  EDC Development's sole members were

Third Party Plaintiff and Vasanti Shah. (Compl. Ex. H, Schedule B.)  By 2005, Winhill (Mr.

---

[2] Third Party Plaintiff's Complaint is not drafted conventionally.  There is no enunciation
of one legal claim per cause of action or count in the Complaint.  As such, multiple claims are set
forth in one un-enumerated count, which for this Court's purposes is Count I.

Patel's company) owned 100 percent of HighTech.  (Third Party Compl. ¶¶ 6-7.)

B. The Franchise Agreement and Development Advance Notes

On or about Septemeber 13, 1996, WII entered into a franchise agreement (the "Franchise Agreement") with EDC, an entity that was controlled by Third Party Plaintiff, for the construction and operation of a 100-room Wingate guest lodging facility to be located at State Highway 99 at Hadley Street, Sherwood, Oregon, Site No. 9853-21427-1 (the "Facility"), for a twenty-year term.  (Compl. ¶¶ 13, 14, and Ex. A.)  In connection with entering into the Franchise Agreement, EDC and Third Party Plaintiff mutually executed a Development Advance Note (the "First Note") in the amount of $250,000.00.  (Compl. ¶ 21 and Ex. B.)  WII and EDC subsequently amended the Franchise Agreement (see Compl., Exs. C-F), and in connection with entering into a fourth amendment (Compl., Ex. F), EDC and Third Party Plaintiff mutually executed a second Development Advance Note (the "Second Note") in the amount of $105,000.00.  (Compl. ¶ 28, and Ex. G.)  In the event that there remained a balance due under the First or Second Notes upon termintaion of the Franchise Agreement, EDC and Third Party Plaintiff were obligated to pay WII the outstanding principal sum immediately.  (Compl. ¶¶ 22, 29 and Exs. B, G.)

C. The Assignment and Assumption Agreement

In 2000, EDC, HighTech, and WII entered into an assignment and assumption agreement (the "Assignment Agreement") pursuant to which HighTech assumed all of EDC's obligations under the Franchise Agreement.  (Compl. ¶ 31 and Ex. H).  At the time of the Assignment Agreement, HighTech was co-owned by EDC Development and Winhill (Mr. Patel's company).  (Compl. ¶¶ 33, 34 and Exs. I, J.)

3

D. <u>The Management Agreement Between Third Party Plaintiff and Mr. Patel</u>

On or about January 12, 2000, Third Party Plaintiff and Mr. Patel entered into an agreement for the management of the Facility (the "Management Agreement"). (Third Party Compl. ¶ 5 and Ex. A1.) Pursuant to the Management Agreement, Third Party Plaintiff and Mr. Patel agreed that third party defendant Buggsi Hospitality Group, L.L.C. ("BHG") would manage the Facility. (Third Party Compl., Ex. A1, § 1.4.) Winhill (Mr. Patel's Company) subsequently claimed a 75 percent interest in HighTech (Winhill's initial interest in HighTech was 19 percent). (Third Party Compl. ¶ 6.) In or around 2004 or 2005, Winhill claimed a 100 percent interest in HighTech, and EDC Development (Third Party Plaintiff's company) no longer had any interest in HighTech. (Third Party Compl. ¶¶ 6, 7.)

E. <u>The Post-Termination Settlement Agreement</u>

On or about October 19, 2006, HighTech and Mr. Patel entered into a post-termination settlement agreement ("Post-Termination Settlement Agreement ") with WII, pursuant to which, among other things, the parties agreed that the Franchise Agreement and all ancillary agreements terminated effective October 17, 2006. (Compl. ¶¶ 37, 38 and Ex. K.) At the time the parties entered into the Post-Termination Settlement Agreement, neither EDC Development nor Third Party Plaintiff had any interest in HighTech, and Third Party Plaintiff was not a party, directly or indirectly, to the Post-Termination Settlement Agreement. (Third Party Compl. ¶ 6-7.) HighTech and Mr. Patel also acknowledged that they owed certain amounts to WII under the Franchise Agreement and the First and Second Notes (Compl. Ex. K §§ 1-3), but the Post-Termination Settlement Agreement did not impose any obligations on EDC Development or Third Party Plaintiff. (Compl. Ex. K.) Despite their obligation and WII's demand for payment, HighTech

4

and Mr. Patel failed to pay to WII the amounts specified in the Post-Termination Settlement

Agreement.  (Compl. ¶¶ 44, 63.)

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1332.  The parties to

this action are of diverse citizenship and the amount in controversy exceeds $75,000.  Venue is

proper, pursuant to 28 U.S.C. § 1391.

## III. STANDARD OF REVIEW

### A.  The Standard of Review for a Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.

Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the

decision in other respects).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations

omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).  "The pleader is required

to 'set forth sufficient information to outline the elements of his claim or to permit inferences to

be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993)

(quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE: CIVIL 2D § 1357 at 340 (2d ed. 1990)).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000) (stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice &

6

Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Id. (emphasis in original) (quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)). Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment. FED. R. CIV. P. 12(b).

**B.  The Standard of Review to State a Claim for a RICO Action under 18 U.S.C. § 1962**

In order to state a RICO claim under 18 U.S.C. § 1962, a plaintiff must allege: "(1) the conducting of, (2) an enterprise, (3) through a pattern, (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). An enterprise, for purposes of the RICO Act, "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). For application of RICO standing, definition of corporate "enterprise," "pattern," etc., see Emcore Corp. v. PricewaterhouseCoopers LLP, 102 F. Supp. 2d 237 (D.N.J. 2000) (Judge Walls denied defendants' Rule 12(b)(6) motion to dismiss).

A private plaintiff must allege injury to his/her business or property to confer standing. See Sedima, 473 U.S. at 496. "It is injury, not racketeering activity, which triggers the accrual of the statute of limitations for a RICO action." Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 166, 173 (D.N.J. 1998) (citing Landy v. Mitchell Petroleum Tech. Corp., 734 F. Supp. 608

7

(S.D.N.Y. 1990)). "Thus, the issue becomes when plaintiffs knew or should have known that defendants conducted an enterprise through a pattern of racketeering activity which injured their business or property." Gunter, 32 F. Supp. 2d at 173.

### C. The Standard of Review for 18 U.S.C. § 1951 (The "Hobbs Act")

The Hobbs Act (18 U.S.C. § 1951) is a criminal statute for which no private right of action exists. Barrett v. City of Allentown, 152 F.R.D. 50, 55-56 (E.D. Pa. 1993). "[T]here are two essential elements of a Hobbs Act crime: interference with commerce, and extortion. Both elements have to be charged." Stirone v. United States, 361 U.S. 212, 218 (1960); see also, United States v. Provenzano, 334 F.2d 678, 693 (3d Cir. 1964) ("There are two basic elements in a Hobbs Act crime: interference with interstate commerce and extortion.")

### D. The Standard of Review for 18 U.S.C. § 666 ("Theft or Bribery Concerning Programs Receiving Federal Funds")

Section 666 of Title 18 is a criminal statute. The activity it proscribes is as follows: "(a) Whoever, if the circumstance described in subsection (b) of this section exists--
(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof– (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that– (i) is valued at $5,000 or more, and (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency; or (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000

8

or more; . . . shall be fined under this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 666.

### E. Liberal Pleading Standard

When addressing the claims of pro se litigants, this Court must construe the Complaint as broadly as possible. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

## IV. ANALYSIS

### A. Defendant's 12(b)(6) Motion to Dismiss

### (i) Third Party Plaintiff's Claim Under 18 U.S.C. § 1951

Third Party Plaintiff's claim against Defendant Robert Loewan, under 18 U.S.C. 1951, is barred because Third Party Plaintiff lacks standing as a private citizen to prosecute a federal criminal charge.  [I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  See also Diamond v. Charles, 476 U.S. 54, 64-5 (1986).  That is, Third Party Plaintiff, a private citizen, is without authority to prosecute criminal charges.  See Maine v. Taylor, 477 U.S. 131, 136-7 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts").  Third Party Plaintiff's Hobbs Act claim is fatally flawed and cannot proceed.  Defendant's motion to dismiss this claim, pursuant to FED. R. CIV. P. 12(b)(6), is granted.  This claim, as asserted within the Third Party Complaint, is dismissed, with prejudice.

### (ii) Third Party Plaintiff's Claim Under 18 U.S.C. § 666

Third Party Plaintiff alleges that Defendant Robert Loewan violated 18 U.S.C. § 666.  This

9

cause of action must also fail because it is barred since Third Party Plaintiff lacks standing to prosecute criminal charges. As determined above, Third Party Plaintiff may not bring a criminal action as a private citizen. See Maine v. Taylor, 477 U.S. at 136-7. In the absence of such authority, Third Party Plaintiff's claim must fail. As with the section 1951 claim, Defendant's motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), is granted. This claim, as asserted within Third Party Complaint, is dismissed, with prejudice.

### (iii) Third Party Plaintiff's Claims Under 18 U.S.C. § 1962(c)

Third Party Plaintiff cannot sustain his RICO claim, as alleged, because of his failure to allege any of the predicate acts necessary. To establish a pattern of racketeering, Third Party Plaintiff must prove at least two predicate acts of racketeering, and that the alleged predicate acts are related and continuous. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989). Third Party Plaintiff avers that the Post-Termination Settlement Agreement and the original Complaint (of WII) itself are evidence of racketeering activity. Neither of these documents constitutes racketeering activity under the statute. Racketeering activity is defined as "any act or threat involving" specified state law crimes, or any "act" indictable under various specified federal statutes, and certain federal offenses. H.J. Inc., 492 U.S. at 232.

The Post-Termination Settlement Agreement between WII, HighTech, and Third Party Plaintiff is not evidence of a crime. Third Party Plaintiff's business, EDC Development, no longer holds an interest in HighTech. Therefore, WII and HighTech were not obligated to include Third Party Plaintiff in their negotiations. Only HighTech and Mr. Patel were obligated to pay money to WII. There were no obligations involving Plaintiff or his company, EDC Development. The Complaint, filed by WII, is also not evidence of a crime. Indeed, it was filed principally in

10

order to recoup monies that WII alleges were owed to it by HighTech and Patel.  Third Party

Plaintiff was implicated only to the extent that the Assignment Agreement governed.

Third Party Plaintiff has failed to demonstrate any predicate acts necessary for a valid

RICO claim.  "Without a predicate act [plaintiff] cannot possibly succeed on its federal and state

RICO claims" Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 747 (3d Cir. 1996).

Third Party Plaintiff also fails to allege that he was injured as a result of his RICO claims.

In County of Hudson v. Janiszewski, 520 F. Supp. 2d 631, 652 (D.N.J. 2007) the District of New

Jersey (Pisano, J.) stated that the "Supreme Court has limited standing to sue under § 1962(c) to

those persons whose injuries are proximately caused by the defendants alleged RICO violations."

Id.  Third Party Plaintiff fails to allege that he has suffered any harm to his business or his

property as a result of the Post-Termination Settlement Agreement or Complaint.  Third Party

Plaintiff's claim under 18 U.S.C. § 1962(c) is dismissed.

Lastly, Third Party Plaintiff fails to allege a conspiracy under 18 U.S.C. § 1962(d).

Section 1962(d) provides that "it shall be unlawful for any person to conspire to violate any of the

provisions of subsection (a), (b) or (c) of this section." 18 U.S.C. § 1962(d).  The Third Party

Complaint fails to allege a conspiracy involving Defendant.  Furthermore, Third Party Plaintiff's

claim of conspiracy to violate 18 U.S.C. 1962(c) must be dismissed because he has failed to state

a claim under 18 U.S.C. § 1962(c) by his failure to allege that he suffered any harm to his business

or his property as a result of the Post-Termination Settlement Agreement or the filing of the

Complaint.  See Zavala v. Wal-Mart Stores, Inc., 393 F. Supp. 2d 295, 316 (D.N.J. 2005).

### (iv) Third Party Plaintiff's Breach of Fiduciary Duty Claim

Third Party Plaintiff fails to allege any facts to support his breach of fiduciary duty claim.

Third Party Plaintiff fails to allege that there was a fiduciary relationship between WII and EDC Development or between Third Party Plaintiff and Defendant. "With respect to the breach of fiduciary duty claim, I do believe that the cases in New Jersey . . . are legion in stating that as a general rule there is no fiduciary relationship between a debtor and a creditor, i.e., also a mortgagee and a mortgagor and, therefore, there can be no breach of fiduciary duty claim. A breach of fiduciary duty claim can only arise in what the Courts generally will say are special circumstance [s] or, perhaps, when the debtor has placed special trust and confidence in the bank." Margulies v. Chase Manhattan Mortg. Corp., 2005 WL 2923580, at *2 (N.J. Super. Ct. App. Div. 2005).

Third Party Plaintiff was not a party to the Franchise Agreement or the Assignment Agreement.  A contract between a franchisor and a franchisee does not give rise to a fiduciary relationship.  See Sandler v. Lawn-A-Mat Chem. & Equip. Corp., 141 N.J. Super. 437, 450-451 (N.J. Super. Ct. App. Div. 1976) ("Regardless of these labels, plaintiffs' grievance is founded . . . on the breach of contract between the parties-a contract which creates no special relationship or duty beyond that arising out of any commercial transaction").

### (v) Third Party Plaintiff's State Law Claims

Third Party Plaintiff brings a state law RICO claim under Or. Rev. Stat. § 166.720, and seeks treble damages under Or. Rev. Stat. § 166.725(7).  "ORS 166.720, which makes racketeering activity unlawful and is the predicate for maintaining a civil action under ORS 166.725(7), provides in subsection (3): "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity. . . ORICO is patterned after the federal RICO, and federal court

decisions are useful guidance in interpreting ORICO." <u>Penuel v. Titan/Value Equities Group, Inc.,</u> 127 Or.App. 195, 204 (Or. App. 1994).

Third Party Plaintiff also brings a state law claim under the New Jersey RICO, N.J. Stat. Ann. § 2C:41-2, which provides "It shall be unlawful for any person who has received any income or derived, directly or indirectly from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of the income, or the proceeds of the income, in acquisition of any interest in, or the establishment or operation of any enterprise which is engaged in or the activities of which affect trade or commerce...." <u>Winslow v. Corporate Express, Inc.,</u> 364 N.J. Super. 128, 142 (N.J. Super. Ct. App. Div. 2003). Third Party Plaintiff also seeks damages under N.J. Stat. Ann. § 2C:41-3, which provides treble damages for violations of § 2C:41-2.

Jurisdiction over state law claims is provided by 28 U.S.C. § 1367(a), which states that, with certain exceptions not relevant here, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

The Third Circuit has observed that "[t]he power to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." <u>Tully v. Mott Supermarkets, Inc.,</u> 540 F.2d 187, 196 (3d Cir. 1976) (citing <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966)). Further, in cases

where the federal claims are subject to dismissal under Fed. R. Civ. P. 12(b)(6), "the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances." Id.

In the present case, all federal claims have been dismissed.  Further, Third Party Plaintiff has not presented any exceptional circumstances that would remove this case from the general rule requiring dismissal of the state law claims.  Specifically, the Third Circuit has observed that "considerations of judicial economy, convenience, and fairness to the litigants dictate that pendent claims be entertained." Id.  None of those factors are present here.

Ordinarily, this Court would remand these state claims in the face of a dismissal of all of Third Party Plaintiff's federal claims; however, given that this Court shall  grant Third Party Plaintiff thirty days to file an amended complaint (if he so chooses), Defendant's motions on the state law claims will be denied, as moot.  In the event that Third Party Plaintiff does not file an amended complaint within thirty days, the state law claims shall be remanded to Superior Court.

### V. CONCLUSION

For the reasons set forth above, this Court grants Defendant's motion to dismiss the only Count of Third Party Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P.12(b)(6).

JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: February 9, 2009