**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        )
WINGATE INNS, INT'L, INC.,              )
                                        )
          Plaintiff,                    )
                                        )   Civil Action No. 07-5014 (GEB)
     v.                                 )
                                        )   **MEMORANDUM OPINION**
HIGHTECH INN.COM, LLC;                  )
ENGINEERING DESIGN CORP.;               )
SHANTU SHAH; and BAKULESH               )
PATEL,                                  )
                                        )
          Defendants.                   )
_____)
                                        )
SHANTU SHAH,                            )
                                        )
          Cross-Complainant,            )
                                        )
     v.                                 )
                                        )
HIGHTECH INN.COM, LLC; and              )
BAKULESH "BUGGSI" G. PATEL,             )
                                        )
          Cross-Defendants.             )
_____)
                                        )
SHANTU SHAH,                            )
                                        )
          Third Party Plaintiff,        )
                                        )
     v.                                 )
                                        )
BUGGSI HOSPITALITY GROUP, LLC;          )
RAJU PATEL; and                         )
ROBERT LOEWEN,                          )
                                        )
          Third Party Defendants.       )
_____)

1

**BROWN, Chief Judge**

This matter comes before the Court upon: (1) the motion of counter-claimant plaintiff Shantu Shah ("Shah") for reconsideration of the order entered by Judge Greenaway granting Wingate Inns International Inc.'s ("Wingate") motion for judgment on the pleadings (Doc. No. 101); (2) the renewed motion of third party plaintiff, Shah, for default judgment against third party defendants Buggsi Hospitality Group, LLC ("BHG") and Raju Patel (Doc. No. 100); and (3) motion of defendants, cross-defendants, and third-party defendants, Hightech Inn.com, Bakulesh G. Patel, Raju Patel and BHG ("defendants") to dismiss all claims filed by plaintiff/cross-claimant/third-party plaintiff Shah (Doc. No. 108). All three motions are opposed. The Court has considered the parties' submissions and decided these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Court will deny Shah's motion for reconsideration, deny Shah's renewed motion for default judgment, and grant the defendants' motion to dismiss.

I.  BACKGROUND

In December of 2007, Shah, proceeding *pro se*, filed a counter complaint, cross complaint, and a third party complaint against multiple defendants. The complaints alleged the defendants violated provisions of the Hobbs Act, New Jersey RICO (Racketeer Influenced and Corrupt Organizations Act), Oregon RICO, federal RICO, and Theft and Bribery Involving Federal Funds as well as breached a fiduciary duty.[1]

II.  DISCUSSION

---

[1] For further background, please refer to the facts cited in Judge Greenaway's Opinion, dated December 29, 2009 (Doc. No. 91) and Order dated January 27, 2010 (Doc. No. 99). This matter was transferred to the undersigned On March 15, 2010.

In the present case, Shah appears *pro se*. As such, the Court must apply a more liberal standard of review to Shah's claims. *Haines v. Kerner*, 404 U.S. 519 (1972); see also *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552 (3d Cir. 1969) (stating that *pro se* petitions should be liberally construed); *Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance).

### A.   Motion for Reconsideration

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1.  The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case."  *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

In its order dated December 29, 2009 the Court ordered that counter-claim plaintiff Shah may seek leave to amend his allegations of federal mail and wire fraud.  (Doc. No. 93.) However, Shah did not file a motion to amend, but instead a motion for reconsideration of the Court's order granting Wingate's motion for judgment on the pleadings.  (Doc. No. 101.)  As

such, the Court will treat it as a motion to reconsider. Shah argues there was an intervening change in controlling law and the Court made a clear error of law. (*Id.*) This argument is not meritorious. Shah incorrectly alleges *Lighting Lube v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993), has been reversed by *Beck v. Prupis*, 529 U.S. 494 (2000). Beck held "that a person may not bring suit under § 1964(c) predicated on a violation of § 1962(d) for injuries caused by an overt act that is not an act of racketeering or otherwise unlawful under the statute." *Id.* at 507. This did not overrule *Lighting Lube* which stated a § 1962(d) claim based on conspiracy to violate other subsections of § 1962 must fail if the substantive claims are deficient. 4 F.3d 1153, 1191 (3d Cir. 1993). Furthermore, the Court correctly applied the law in concluding Shah's § 1962(d) claim failed because Shah did not state any valid claim under § 1962(a),(b), or (c) because there can be no conspiracy to commit unlawful acts where the alleged underlying unlawful acts are not unlawful. (Doc. No. 91.) Thus, Shah's motion for reconsideration must be denied because none of the three situations which call for reconsideration are applicable.[2]

    **B.**    **Renewal of Motion for Default Judgment**

Default is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part: "When a party against whom a judgment for affirmative relief is sought has failed

---

[2] Shah also argues the Court erred in saying Shah did not file a certificate of service when seeking to strike Wingate's reply brief, and the Court erred in not ruling on Shah's motion for default judgment. Both of these arguments are invalid. First, as Judge Greenaway noted in his opinion, although Shah claims he served the parties on May 26, 2009, he has not filed a certificate of service to that effect. (Doc No. 91.) In his motion to reconsider, Shah has not introduced any new evidence or law that would require reconsideration of Judge Greenaway's determination that Wingate's reply briefs were timely filed. Next, the argument that other pending motions have not yet been decided does not fit into one of the three reasons the Court grants motions to reconsider. Furthermore, the motion for default judgment against all defendants is addressed in part B of this Opinion.

4

to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1983)).

Here, Shah has renewed his motion seeking default judgment against BHG in accord with the Court's order dated January 27, 2010.[3] (Doc. No. 99.) However, the motion is moot because counsel for BHG properly made appearances. (Doc. No. 112.) Default judgment is not proper when a party has not failed to plead or defend. Although Shah seeks default judgment against BHG "for filing late answers or appearances without an excusable reason," late filing and appearances cannot stand as the basis of a default judgment. Therefore, Shah's renewal motion for default judgment is denied.

### C. Motion to Dismiss

A motion to dismiss under FED. R. CIV. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

---

[3] Shah has also moved to renew a motion for default judgment against Raju Patel. However, the Court has previously decided this matter and determined the motion was moot. Therefore, renewal of the motion is improper. (Doc. No. 99; Fn. 1)

(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555); see also *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainants' claims are based upon those documents. See *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In this case, Shah's complaint alleging cross-claims and third party claims against defendants does not contain sufficient factual detail to survive a 12(b)(6) motion. The Court in its order and opinion dated December 29, 2009, dismissed the counterclaim against Wingate for failure to state a claim upon which relief can be granted. The counterclaim alleged causes of action under: (1) 18 U.S.C. 1962 ("RICO"), Or. Rev. Stat. § 166.720 ("ORICO"), N.J. Stat. Ann. § 2C:41-2 ("RICO"); (2) 18 U.S.C. 1951 ("Hobbes Act"); (3) 18 U.S.C. 666 ("Theft or Bribery Involving Federal Funds"); and (4) common law breach of fiduciary duty. (Doc. Nos. 91, 93.) The defendants, Hightech Inn.com, Bakulesh G. Patel, Raju Patel and BHG, ask that ruling be

made expressly applicable to them since the legal reasoning announced in Judge Greenaway's Opinion of December 29, 2009 supporting the ruling is equally applicable. (Doc. No. 108.) The Court agrees with the defendants. Shah's complaint against defendants relies on the same theories as those pled against Wingate. (Doc. No. 7.) The Court found Shah's theories failed to state a claim upon which relief can be granted because Shah failed to establish a pattern of racketeering, did not offer any details about the alleged mail and wire fraud, and does not have standing to bring suit under the 18 U.S.C. § 1951 or 18 U.S.C. § 666.[4] (Doc. No. 91.) All of these deficiencies are equally applicable to the moving defendants. Thus, the Court applies its previous reasoning to this motion and grants defendants' motion to dismiss.

### III. CONCLUSION

For the reasons set forth above, the Court will deny Shah's motion for reconsideration and deny Shah's motion for default judgment. The Court will also grant the defendants' motion to dismiss.

Dated: June 21, 2010

s/s Garrett E. Brown, Jr.<br>
GARRETT E. BROWN, JR., U.S.D.J

---

[4] Although these are the primary issues addressed in Judge Greenaway's opinion, the Court concludes that all other reasoning regarding 18 U.S.C. 1962 ("RICO"), Or. Rev. Stat. § 166.720 ("ORICO"), N.J. Stat. Ann. § 2C:41-2 ("NJRICO"), and common law breach of fiduciary duty is also expressly applicable to the moving defendants.